UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOLO MOUSSA SOW,                           )
   Petitioner,                  )
            )  No. 1:25-cv-1816
v.                                         )
            )  Honorable Paul L. Maloney
U.S. DEPARTMENT OF HOMELAND SECURITY,  )
*ET AL.*,                                    )
   Respondents.                )
            )

## ORDER DENYING PETITIONER'S EMERGENCY MOTION

Petitioner was released from Respondents' custody pursuant to this Court's judgment on March 18, 2026. (*See* ECF Nos. 14, 16). The Court found that on the record then available, Petitioner had established that there was no significant likelihood of her removal in the near future. (*See* ECF No. 13). She was released under the conditions she was under before she had been detained, as the Court ordered, but also under conditions of GPS monitoring with an ankle monitor. On March 24, 2026, Petitioner was detained again while attending a scheduled appointment with ICE. Petitioner filed an emergency motion the same day, arguing that the change in circumstances ICE cited to justify re-detention was a sham to evade this Court's orders. (ECF No. 18). In that motion, Petitioner requested immediate release, a contempt inquiry against Respondents, and an order removing the additional conditions on her release. (*Id.* at PageID.125). Petitioner presented evidence of her re-detention and the reasoning behind it. (*See* ECF No. 18-1).

The Court ordered Respondents to respond to Petitioner's motion by the next day, (ECF No. 20), and ordered a supplemental response by the following day, (ECF No. 22).

1

Respondents filed responses to each order. (ECF Nos. 21, 23). In the latest response, Respondents presented evidence that Petitioner was in the process of being removed to Mauritania via a charter flight, distinct from the previous method of removal via commercial flight which had failed in January. (ECF No. 23-1 at PageID.167).

The evidence presently before the Court indicates that the change of circumstances underlying Petitioner's re-detention is genuine. The date certain of removal and the operational details provided to the Court demonstrate that there now is a substantial likelihood of removal in the near future. *See Kong v. United States*, 62 F.4th 608, 620 n.12 (1st Cir. 2023); *Karki v. Raycraft*, No. 2:25-cv-13186, 2025 WL 3516782, at *7 (E.D. Mich. Dec. 8, 2025). The method of removal now being attempted is meaningfully different from the failed method used before. There is still some question as to whether the removal will ultimately be successful. As the Court previously noted, Petitioner presented evidence not only that Mauritania would not provide her travel documents, but that it did not recognize her as a citizen. (*See* ECF No. 13 at PageID.103; ECF No. 3 at PageID.24-25). Respondents represent that Mauritania is accepting "citizens of Mauritania who had been issued a Form I-269," (ECF No. 23-1 at PageID.168), but have never addressed Petitioner's contention that Mauritania does not recognize her citizenship. Previous evidence from Respondents casts doubt on whether there has been any action to resolve this issue. (*See* ECF No. 10-1 at PageID.89 (indicating that Mauritania had "not responded, agreed to provide travel documents or provided a statement on whether [Petitioner] is a citizen of Mauritania")). Should Petitioner's removal ultimately fail, she can file a new habeas petition challenging her current detention in the appropriate court if she is not released.

With regard to contempt, the Court is not yet convinced that civil contempt sanctions are appropriate, but notes that Respondents have created problems with their own credibility. Civil contempt sanctions are appropriate when "clear and convincing evidence" demonstrates that a party "knowingly violated a definite and specific order of the court." *Gascho v. Global Fitness Holdings, LLC*, 875 F.3d 795, 800 (6th Cir. 2017) (citation modified). Assuming that the most recently filed declaration is true, re-detaining Petitioner did not violate the Court's prior order because circumstances had genuinely changed. Releasing Petitioner subject to the GPS tracking and ankle monitor conditions is a closer question. The Court ordered that she be released "subject to any conditions that existed prior to Petitioner's present detention." (ECF No. 14 at PageID.106). Respondents' status report did not address the conditions of Petitioner's release at all. (*See* ECF No. 16). Respondents argue that because her prior conditions contemplated the *possible* addition of GPS tracking and an ankle monitor, those conditions are not necessarily new or additional, so they understood the Court's order to allow those conditions. (*See* ECF No. 21 at PageID.142). This is a plausible, if strained, understanding of the order. The evidence thus does not clear the clear and convincing bar at this point.

Respondents, though, have previously been less than completely candid in their submissions to the Court. For example, multiple times, Respondents submitted declarations misleadingly implying that they had received a travel document from Mauritania when they had not. The declarations contained the assertion that ICE issued a Decision to Continue Detention "based upon the receipt of a travel document and imminent scheduling of removal." (ECF No. 15 at PageID.110 ¶ 16; ECF No. 10-1 at PageID.88 ¶ 16). "Travel

documents," as discussed in the relevant briefing and elsewhere in the declarations, referred to travel documents *from the Mauritanian government* which ICE acknowledged it had never received, (*see, e.g.*, ECF No. 10 at PageID.89 ¶ 10), yet it appears that the "travel document" that ICE was in "receipt" of was a Form I-269 that it produced itself. It is also unclear whether Respondents knew of the nature of the planned removal procedure that is presently underway and withheld that information in its prior filings when the information would have been pertinent. While these incidents may not be evidence sufficient for contempt sanctions, they raise questions about Respondents' candor with the Court and tarnish the credibility the Government had long worked to establish.

If Respondents' most recent declaration is accurate, and Petitioner will indeed be on a charter flight headed to Mauritania by the end of the month, then circumstances have changed enough that Petitioner's re-detention is beyond the scope of this Court's prior order. If that flight does *not* take place as Respondents represent, contempt sanctions may become appropriate. On the current record, though, they are not yet appropriate, and Petitioner's re-detention renders any order about release conditions moot. Petitioner's emergency motion (ECF No. 18) is thus **DENIED.**

**IT IS SO ORDERED.**

Date:   March 26, 2026                                    /s/ Paul L. Maloney
                                                                         Paul L. Maloney
                                                                         United States District Judge

4